UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS SCOTT CUNNINGHAM,　)
　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　 )　　Cause No. 3:16-cv-453
　　　　　　　　　　　　　　　)
LONNIE KEEFER,　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　)

## **OPINION AND ORDER**

Travis Scott Cunningham, a *pro se* prisoner, filed a complaint and a petition to proceed without paying the filing fee. (DE 1; DE 2.) Cunningham is a litigious fellow, and he has pursued most of his litigation *in forma pauperis*. Under 28 U.S.C. § 1915(g), an inmate may not proceed *in forma pauperis* if he has filed a complaint or appeal that frivolous, malicious, or did not state a claim upon which relief could be granted on three or more prior occasions. This is referred to as the "three-strikes rule." Cunningham has accumulated at least four strikes. *See Cunningham v. Maughmer*, No. 3:11-cv-483 (N.D. Ind., Dec. 16, 2011); *Cunningham v. Maughmer,* 3:12-cv-002 (N.D. Ind., Jan. 4, 2012); *Cunningham v. Indiana,* 3:13-cv-118 (N.D. Ind., Feb. 21, 2013); *Cunningham v. Maughmer,* 3:13-cv-161 (N.D. Ind., March 4, 2013). Although there is an exception to the three-strikes rule for inmates who are in imminent danger of serious physical injury, Cunningham doesn't fit the bill. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). He claims that he was illegally extradited from Florida to Indiana in March 2015, but "[a]llegations of past harm do not suffice[.]" *See Ciarpaglini v. Saini,* 352 F.3d 328,

330 (7th Cir. 2003) (internal citation omitted). As a result, Cunningham cannot proceed with this case without paying the filing fee in full.

Cunningham knows that he is restricted from proceeding *in forma pauperis* because he was told at least twice before filing this case. *See Cunningham v. Logansport Police Department*, No. 3:13-cv-244 (N.D. Ind. Apr. 3, 2013) (DE 2); *Cunningham v. Sheriff*, No. 3:13-cv-357 (N.D. Ind., May 1, 2013) (DE 2). Nevertheless, he filed an *in forma pauperis* petition.(DE 3.) The Seventh Circuit has spoken plainly about what happens when a litigant seeks leave to proceed *in forma pauperis* after being told that he is restricted:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies . . . will lead to immediate termination of the suit. Moreover, the fee remains due, and, [as] we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), . . . unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (dismissing appeal and ordering clerk not to file future documents until defendant pays outstanding fees and sanctions in all civil actions).

For these reasons, this case will be dismissed, the filing fee assessed, and Cunningham will continue to be restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not prohibit Cunningham from filing a notice of appeal in this case nor "impede

2

him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Finally, I note that Cunningham has been restricted from filing several lawsuits without paying the filing fee in the past two weeks. *See Cunningham v. Boonstra*, 3:16-cv-447 (N.D. Ind. Aug. 5, 2016) (DE 5); *Cunningham v. Indiana,* No. 3:16-cv-397 (N.D. Ind. Aug. 8, 2016) (DE 21); *Cunningham v. Keefer*, No. 3:16-cv-396 (N.D. Ind. Aug. 12, 2016) (DE 13). While it is important for the clerk of this court to document any attempt Cunningham makes to violate this order, it is only necessary to do so in one case. The clerk has already begun making notations in Case No. 3:16-cv-447, so future violations of this order should be noted in that case, rather than in this one.

Accordingly:

(1) the *in forma pauperis* petition (DE 3) is **DENIED**;

(2) this cause of action is **DISMISSED WITHOUT PREJUDICE**;

(3) **Travis Scott Cunningham, IDOC # 156774**, is **ORDERED** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $400.00 filing fee is paid in full;

(4) the clerk of court is **DIRECTED** to return, unfiled, any papers filed in any case by or on behalf of Travis Scott Cunningham (except for a notice of appeal or unless

3

filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) the clerk is **ORDERED** to note any attempted filings in violation of this order on the docket of Case No. 3:16-cv-477; and

(6) the clerk is **DIRECTED** to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**SO ORDERED.**

ENTERED: August 18, 2016.

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT